**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5562-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIO RIVERO, a/k/a JULIO
C. RIVERO, JULIO TORRES,
JULIO C. TORRES, JULIO C.
TORRESRIVEROS, and JULIO C.
RIVEROS,

    Defendant-Appellant.

_____

Submitted February 15, 2017 — Decided September 14, 2017

Before Judges Fuentes and Carroll.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-10-1089.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julio C. Rivero appeals from the July 17, 2015 order entered by the Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

On November 30, 2011, defendant was tried before a jury for first degree carjacking, N.J.S.A. 2C:15-2; first degree robbery, N.J.S.A. 2C:15-1; third degree possession of a weapon (knife) for an unlawful purpose, N.J.S.A. 2C:39-5(d); third degree terroristic threats, N.J.S.A. 2C:12-3(a); third degree resisting arrest, N.J.S.A. 2C:29-2(a); third degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); and fourth degree unlawful possession of a weapon (knife), N.J.S.A. 2C:39-4(d). On December 6, 2011, the jury returned its verdict finding defendant guilty on all of the charges.

On March 9, 2012, the trial judge applied the doctrine of merger and sentenced defendant on the first degree carjacking conviction to serve a term of twenty years, with an eighty-five percent period of parole ineligibility and five years of parole supervision pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge also imposed a consecutive term of four years on the third degree resisting arrest, a concurrent term of four years on the third degree possession of cocaine, and a concurrent term of nine months on the fourth degree unlawful possession of a knife. This resulted in an aggregate term of

twenty-four years, with a seventeen-year period of parole ineligibility.

Defendant appealed his conviction to this court, arguing the trial judge erred when he instructed the jury on the defense of intoxication. Defendant also argued the sentence imposed by the court was manifestly excessive. We affirmed the conviction and sentence in an unpublished opinion. State v. Julio C. Rivero, Docket No. A-4179-11 (App. Div. August 4, 2014). On September 18, 2014, defendant filed a pro se PCR petition alleging ineffective assistance of trial counsel because his attorney did not present an expert witness on the effects of intoxication. Court-assigned counsel also filed a formal brief on behalf of defendant.

The matter came for oral argument before the PCR judge on July 17, 2015. PCR counsel argued that trial counsel was ineffective when he failed "to present the best defense which would have required medical documentation and/or an expert regarding the intoxication defense." PCR counsel claimed that but for this "deficient performance" by trial counsel, "there would have been a different result." In his pro se PCR petition, defendant also claimed his trial counsel did not meet with him to discuss trial strategy.

The PCR judge also presided over defendant's trial. In rejecting defendant's petition, the judge noted that in the course

of the trial, he questioned defendant on the record concerning the

intoxication defense.

> [W]hen I questioned him on the record, when we were talking about going down the road of this intoxication defense about how it had a double-edged sword and it was kind of a strategic decision, I wanted to make sure that he wasn't going to go back in later on and say hey, my lawyer did this, he brought in that I was drunk and the jury was going to hold it against me and they were going to convict me - - in any event, and I said to him, I said Mr. Rivero, you spoke to your attorney you spoke extensively? Yes, I did, Judge. And you agree with this decision that this is how we're going to present this? Yes, I do, Judge. So how can he say he spoke with me extensively when we were talking then and now he's saying he failed to meet with me enough to form a defense. It's not credible, it's not believable.

The judge concluded defendant did not establish a prima facie case

of ineffective assistance of trial counsel and denied the petition

without conducting an evidentiary hearing.

Defendant now appeals raising the following argument:

> POINT ONE
>
> MR. RIVERO IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PRESENT AN EXPERT WITNESS ON THE EFFECTS OF INTOXICATION.

We review a claim of ineffective assistance of counsel under

the two-prong test established by the United States Supreme Court

in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,

2064, 80 L. Ed. 2d 674, 693 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must first demonstrate that defense "counsel's performance was deficient." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Second, she or he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

A court presented with a PCR petition is not obligated to conduct an evidentiary hearing. State v. Jones, 219 N.J. 298, 311 (2014). Rule 3:22-10 gives the court the discretion to conduct such a hearing only "if a defendant has presented a prima facie case in support of PCR." Ibid. Once a prima facie case has been established, the claims of ineffective assistance of counsel ordinarily require consideration of "evidence that lie[s] outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992).

Here, the PCR judge correctly concluded an evidentiary hearing was not necessary because the salient facts undermining his decision to deny defendant's petition were uncontested. Furthermore, defendant's claim that expert testimony on intoxication would have produced a different outcome at trial is mere speculation. The PCR judge correctly found that defendant's

petition was facially insufficient to satisfy the two-prong test under <u>Strickland</u>.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5562-14T1